F I L E D
Clerk
District Court

AUG - 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

G. Anthony Long, Esq.
Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 03-0001 |
|---|---|
| Plaintiff | ) |
| v. | ) |
| | ) DEFENDANT'S PROPOSED |
| VANN LE | ) JURY INSTRUCTIONS |
| Defendant | ) |

Defendant Vann Le submits his proposed jury instructions. Defendant reserves the right to amend these jury instructions at any time prior to reading of the instructions to the jury.

Dated this 1st day of August, 2005.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

1

# TABLE OF CONTENTS FOR JURY INSTRUCTIONS

2

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ............... 1

3

4

THE UNITED STATES AS A PARTY ................................. 2

5

GOVERNMENT ALWAYS WINS REGARDLESS OF JURY VERDICT ..... 3

6

CHARGE AGAINST DEFENDANT NOT EVIDENCE ................... 4

7

8

EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND
STATEMENTS OF OTHERS ........................................ 5

9

10

DEFENDANT'S DECISION NOT TO TESTIFY ....................... 6

11

DEFENDANT'S DECISION TO TESTIFY ........................... 7

12

13

RULING ON OBJECTIONS ...................................... 8

14

CONSIDERATION OF EVIDENCE ................................ 9

15

16

WHAT IS EVIDENCE ......................................... 10

17

WHAT IS NOT EVIDENCE ..................................... 11

18

19

DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................... 13

20

EVIDENCE: SOLELY CIRCUMSTANTIAL ......................... 14

21

CHARTS AND SUMMARIES IN EVIDENCE ........................ 15

22

23

CREDIBILITY OF WITNESSES ................................. 16

24

IMPEACHMENT EVIDENCE- WITNESS ........................... 18

25

CHARACTER OF WITNESS FOR TRUTHFULNESS .................. 19

26

27

-i-

28

**LAW OFFICE OF G. ANTHONY LONG**
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EYEWITNESS IDENTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

WITNESS WILLFULLY FALSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

OPINION TESTIMONY OF LAY WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

ACCOMPLICES CALLED BY THE GOVERNMENT  . . . . . . . . . . . . . . . . . . . 24

TESTIMONY OF ACCOMPLICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

TESTIMONY UNDER GRANT OF IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . 27

IMPEACHMENT EVIDENCE - PRIOR CONVICTION  . . . . . . . . . . . . . . . . . 28

IMPEACHMENT EVIDENCE- WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

TESTIMONY OF INFORMER  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

WITNESS WHO HAS PLEADED GUILTY . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

WEIGHING CONFLICTING TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

STATEMENTS BY DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

REASONABLE DOUBT - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

ACTIVITIES NOT CHARGED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CHARGES AGAINST DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

PROHIBITION OF 18 U.S.C. § 1951 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

ROBBERY DEFINED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

COMMERCE DEFINED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

ELEMENTS OF CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

-ii-

KNOWLEDGE OR APPROVAL OF A CONSPIRACY IS INSUFFICIENT
TO CONVICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

MULTIPLE CONSPIRACIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

WITHDRAWAL FROM CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . 44

CONSPIRACY—PINKERTON CHARGE . . . . . . . . . . . . . . . . . . . . . . 45

ELEMENTS FOR COUNT TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

MENS REA FOR SECTION 18 U.S.C. § 1951 . . . . . . . . . . . . . . . . . . . 48

KNOWINGLY — DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

WILLFULNESS – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

ROBBERY OF INDIVIDUALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

COUNT THREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

ELEMENTS FOR COUNT THREE . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

SPECIFIC INTENT DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . 56

USE OF NOTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

COMMUNICATION WITH COURT . . . . . . . . . . . . . . . . . . . . . . . . . . 59

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

-iii-

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## NCJI 3.1

1

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## THE UNITED STATES AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any

party. You are to perform your final duty in an attitude of complete fairness and

impartiality.

The case is important to the government for the enforcement of criminal laws is a

matter of prime concern to the community. Equally, it is important to each

defendant who are each charged with serious crimes. The fact that prosecution is

brought in the name of the United States of America   entitles the prosecution to

no greater consideration than that accorded to any other party to a litigation. All

parties, whether government or individuals, stand as equals at the bar of justice.


**Matthew & Bender, Modern Federal Jury Instructions ("MFJI") NO. 2-5**

2

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

## GOVERNMENT ALWAYS WINS REGARDLESS OF JURY VERDICT

The question before you can never be:  Will the government win or lose the case.  The government always wins when justice is done.  Justice is achieved when you, the jury return your

verdict, regardless of whether the verdict is guilty or not guilty.

derived from MFJI NO. 2-5 Comment**.**

3

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## CHARGE AGAINST DEFENDANT NOT EVIDENCE

The indictment is not evidence. The defendant has pleaded not guilty to the

charge.  The defendant is presumed to be innocent and does not have to testify or

present any evidence to prove innocence. The government has the burden of

proving every element of the charge beyond a reasonable doubt.

## NCJI 3.2

4

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge in the information. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the information. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

**NCJI 3.10**

5

**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.   No

presumption of guilt may be raised, and no inference of any kind may be drawn,

from the fact  that the defendant did not testify.

**NCJI 3.3**

**DEFENDANT'S  JURY  INSTRUCTION  NO. _____**

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the

testimony of any other witness.

### NCJI 3.4

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered or the exhibit received. If I sustain the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

**NCJI 1.7**

8

**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

Some of you have taken notes during the trial.  Such notes are only for the personal use of the person who took them.

**NCJI NO. 7.02**

9

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

## NCJI 3.6

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, and closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited

*Rev. 2000*

**DEFENDANT'S JURY INSTRUCTION NO. _____**

purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**NCJI 3.7**

12

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**NCJI 3.8**

13

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## EVIDENCE: SOLELY CIRCUMSTANTIAL

To justify a conviction based solely on circumstantial evidence, the facts and

circumstances must not only be entirely consistent with the theory of guilt, but

must be inconsistent with any other rational theory or conclusion.

MCJI 1-O 17(a). *State v. Ryan*, 229 Mont. I, 744 P.2d 1242 (1987); *State v.*

*Miller,*231 Mont. 497,757 P.2d 1275, 1284 (1988).

14

**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and

summaries are only as good as the underlying supporting material. You should,

therefore, give them only such weight as you think the underlying material

deserves.

**NCJI  4.19**

**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the

16

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

number of witnesses who testify.

**NCJI 3.9**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## IMPEACHMENT EVIDENCE- WITNESS

You have heard evidence that certain witnesses gave or made prior statements which were inconsistent with testimony given during trial.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

### NCJI NO. 4.08

18

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## CHARACTER OF WITNESS FOR TRUTHFULNESS

You have heard evidence of the character for truthfulness of [*name of witness*], a witness. You may consider this evidence along with other evidence in deciding whether or not to believe that witness' testimony and how much weight to give to it.

**NCJI 4.7**

19

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## EYEWITNESS IDENTIFICATION

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crime alleged.

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1.  the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2.  whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3.  any inconsistent identifications made by the eyewitness;

4.  whether the witness had known or observed the offender at earlier

20

**DEFENDANT'S JURY INSTRUCTION NO. _____**

      times; and

5.     the totality of circumstances surrounding the eyewitness'

        identification.

NCJI 4.14

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## WITNESS WILLFULLY FALSE

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others.  You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

### CALJIC NO. 2.21.2

22

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## OPINION TESTIMONY OF LAY WITNESS

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider the person's credibility, the extent of the person's opportunity to perceive the matters upon which his opinion is based and the reasons, if any, given for it. You are not required to accept such an opinion but should give it the weight, if any, to which you find it entitled.

## CALJIC NO. 2.81

23

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## ACCOMPLICES CALLED BY THE GOVERNMENT

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime charged in the information. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides.

24

**DEFENDANT'S JURY INSTRUCTION NO. _____**

However, let me say a few things that you may want to consider during your
deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would
benefit more by lying, or by telling the truth. Was their testimony made up in any
way because they believed or hoped that they would somehow receive favorable
treatment by testifying falsely? Or did they believe that their interests would be
best served by testifying truthfully? If you believe that the witness was motivated
by hopes of personal gain, was the motivation one which would cause him to lie,
or was it one which would cause him to tell the truth? Did this motivation color
his testimony?

In sum, you should look at all of the evidence in deciding what credence
and what weight, if any, you will want to give to the accomplice witnesses.

**MFJI NO. 7-5**

25

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

## TESTIMONY OF ACCOMPLICE

You have heard testimony from _____. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. You should consider such testimony with greater caution than that of an ordinary witness.

## NCJI NO. 4.11

26

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## TESTIMONY UNDER GRANT OF IMMUNITY

You have heard testimony from_____ who have each received immunity.  That testimony was given in exchange for a promise by the government that their testimony will not be used in any case against them.

In evaluating their testimony, you should consider whether that testimony may have been influenced by the government's promise of immunity given in exchange for it, and you should consider that testimony with greater caution than that of ordinary witnesses.

**NCJI NO. 4.09**

27

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## IMPEACHMENT EVIDENCE - PRIOR CONVICTION

You have heard evidence that _____ have been convicted

of _____. You may consider this evidence, along with other pertinent

evidence, in deciding whether or not to believe those witnesses and how much

weight to give to their testimony.

**NCJI NO. 4.08**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## IMPEACHMENT EVIDENCE- WITNESS

You have heard evidence that certain witnesses gave or made prior statements which sere inconsistent with testimony given during trial. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

**NCJI NO. 4.08**

29

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## TESTIMONY OF INFORMER

You have heard testimony that _____ have

received favorable treatment from the government in connection with this case.

You should examine their testimony with greater caution than that of ordinary

witnesses.  In evaluating that testimony, you should consider the extent to which it

may have been influenced by the receipt of favorable treatment from the

government.

**NCJI NO. 4.10**

30

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

## WITNESS WHO HAS PLEADED GUILTY

The witnesses _____ have pleaded to _____.

arising out of the same events for which defendant  is on trial.  The  pleas are not

evidence against Defendant and you may consider it only in determining their

believability.  You should consider their testimony with great caution, giving it the

weight you feel it deserves.

### NCJI NO. 4.12

31

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## WEIGHING CONFLICTING TESTIMONY

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses, but the convincing force of the evidence.

**BAJI 2.01**

32

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## STATEMENTS BY DEFENDANT

You have heard testimony that defendant made certain statements. It is for you to decide (1) whether Defendant made the statement and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which it may have made it.

### NCJI NO. 4.01

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## REASONABLE DOUBT - DEFINED

As I have said many times, the government has the burden of proving Tenorio guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that defendant is guilty. Or doubt which causes you to hesitate to act.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not firmly convinced beyond a reasonable doubt that defendant is guilty, it is your duty to find defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence you are firmly convinced beyond a reasonable doubt that Defendant is guilty, it is your duty to find her guilty.

**NCJI NO. 3.03 modified by MFJI Pattern Instructions,**
**General Criminal Instruction No. 21**

34

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the offense charged in the information, not for any other activities.

**NCJI 3.11**

35

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## CHARGES AGAINST DEFENDANT

The indictment charges defendant with one count of conspiracy to commit

robbery in violation of Sections 1951 of Title 18 of the United States Code, one

count of robbery in violation of Sections 1951 of Title 18 of the United States

Code, and one count of using a firearm in the commission of a crime of violence.

36

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## PROHIBITION OF 18 U.S.C. § 1951

It is a violation of § 1951(a) if a person in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or conspires so to do.

**18 U.S.C. § 1951**(a)

37

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## ROBBERY DEFINED

The term "robbery" as used in § 1951(a) means the unlawful taking or obtaining of

personal property from the person or in the presence of another, against his will,

by means of actual or threatened force, or violence, or fear of injury, immediate or

future, to his person or property, or property in his custody or possession, or the

person or property of a relative or member of his family or of anyone in his

company at the time of the taking or obtaining.

### 18 U.S.C. § 1951(b)(1)

38

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

## COMMERCE DEFINED

The term "commerce" means commerce within the District of Columbia, or any

Territory or Possession of the United States; all commerce between any point in a

State, Territory, Possession, or the District of Columbia and any point outside

thereof; all commerce between points within the same State through any place

outside such State; and all other commerce over which the United States has

jurisdiction.

### 18 U.S.C. § 1951(b)(3)

39

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## ELEMENTS OF CONSPIRACY

The defendant is charged in the indictment with conspiring to commit robbery in violation of Sections 1951 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about _____, and ending on or about _____ there was an agreement between defendant and at least one other person to commit robbery; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime alleged in the indictment as an object of the conspiracy with each of you agreeing as to the persons with whom defendant conspired.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**NCJI 8.16 modified** and *United States v. Si*, 343 F.3d 1116, 1123 - 1124 (9th Cir. 2003).

41

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## KNOWLEDGE OR APPROVAL OF A CONSPIRACY IS INSUFFICIENT TO CONVICT

A person does not become a member of a conspiracy merely by associating with

one or more persons who are conspirators, knowing of the existence of the

conspiracy, being present where a crime takes place or is discussed, or having

knowledge of criminal conduct or approving of the conspiracy.


*United States v. Croft* 124 F.3d 1109, 1123 (9th Cir. 1997)

42

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that the defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**NCJI 8.17**

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

## WITHDRAWAL FROM CONSPIRACY

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

The government has the burden of proving that the defendant did not withdraw from the conspiracy before the overt act—on which you all agreed—was committed by some member of the conspiracy.

**NCJI 8.19**

44

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## CONSPIRACY—PINKERTON CHARGE

Defendant is charged in counts 2 and 3 of the indictment with the substantiative

offenses of robbery in violation of 18 U.S. c. § 1951 and using a firearm in

violation of 18 U.S.C. § 924(c)(1)(a).

A conspiracy is a kind of criminal partnership– an agreement between two

or more persons to commit one or more crimes.  The crime of conspiracy is the

agreement to do something unlawful.

Each member of the conspiracy is responsible for the actions of the other

conspirators performed during the course and in furtherance of the conspiracy.

Before you may consider the statements or acts of a co-conspirator, you must first

determine whether the acts or statements were made during the exercise of and in

furtherance of an unlawful scheme.

Once you have decided that the defendant was a member of the conspiracy,

the defendant is responsible for what the other conspirators said or did to carry out

the conspiracy, even if the defendant did not know what they said or did.

For the defendant to be found guilty of an offense allegedly committed by a

conspirator as part of the conspiracy, the offense must be one which could

reasonably have been foreseen to be a necessary or natural consequence of the

45

**DEFENDANT'S JURY INSTRUCTION NO. _____**

unlawful agreement.

**NCJI 8.20**

**E**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

### ELEMENTS FOR COUNT TWO

The defendant is charged in Count 2 of the indictment with robbery in violation of

18 U.S.C. § 1951. In order for the defendant to be found guilty of that charge, the

government must prove each of the following elements beyond a reasonable

doubt:

First, a co-conspirator unlawfully took or obtained personal property from

customers and employees of City Trust bank;

Second, a co-conspirator acted with the intent to take or obtain the property

against the will of City Trust Bank's customers and employees by means of actual

or threatened force, or violence, or fear of injury, immediate or future, to their

person or property;

Third, commerce was actually affected in some way.

### NCJI 8.117(modified) and 18 U.S.C. § 1951(a)

47

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## MENS REA FOR SECTION 18 U.S.C. § 1951

For a person to commit robbery in violation of 18 U.S.C. § 1951 the person must act knowingly and willfully.

*United States v. Du Bo,* 186 F.3d 1177 (9th Cir.1999)

48

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly

**NCJI 5.6**

49

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## WILLFULNESS – DEFINED

Wilfulness requires that an act be done knowingly and intentionally, not through

ignorance, mistake or accident.

*United States v. Morales*, 108 F.3d 1031, 1036 (9th Cir. 1997). *See* **NCJI 5.5**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## ROBBERY OF INDIVIDUALS

Robbery of individuals may affect commerce only if the government proves

beyond a reasonable doubt that: (1) the acts deplete the assets of an individual who

is directly and customarily engaged in interstate commerce; (2) if the acts cause or

create the likelihood that the individual will deplete the assets of an entity engaged

in interstate commerce; or (3) if the number of individuals victimized or the sum

at stake is so large that there will be some "cumulative effect on interstate

commerce."


*United States v. Collins*, 40 F.3d 95, 100 (5th Cir. 1994) adopted by *United States*

*v. Lynch*,

282 F.3d 1049, 1054 - 1055 (9th Cir. 2002)

51

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## COUNT THREE

Count 3 of the indictment charges defendant with use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924( c). It is a violation of § 924( c) for "any person who, during and in relation to a crime of violence to use or carry a firearm .

## 18 U.S.C. § 924(c)(1)(A)

52

**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

## ELEMENTS FOR COUNT THREE

The defendant is charged in Count 3 of the indictment with using a firearm during

and in relation to a crime of violence in violation of 18 U.S.C. § 924©) . In order

for the defendant to be found guilty of that charge, the government must prove

each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of robbery as  charged in Count 2 of

the indictment;

Second, the co-conspirator  knowingly used a firearm; and

Third, the co-conspirator discharged the firearm during and in relation to the

crime.

A defendant has "used" a firearm if he or she has actively employed the firearm in

relation to the robbery .Use includes brandishing, displaying, or firing a firearm.

A defendant carries a firearm if the defendant knowingly possesses or carries the

firearm.

A defendant takes such action "in relation to the crime" if the firearm facilitated or

played a role in the crime.

### NCJI 8.65

53

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## SPECIFIC INTENT DEFINED

Each crime charged in the indictment requires proof of specific intent before the

defendant can be convicted. Specific intent, as the term implies, means more than

the general intent to commit the act. To establish specific intent the prosecution

must prove that the defendant knowingly conspired to commit robbery. Such

intent may be determined from all the facts and circumstances surrounding the

case.

**NCJI No. 5.4 Comment (modified).**

54

DEFENDANT'S JURY INSTRUCTION NO. _____

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### NCJI 7.1

55

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_\_**

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be, that is entirely for you to decide.

**NCJI 7.2**

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## NCJI 7.3

57

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## VERDICT FORM

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

**NCJI 7.5**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**NCJI 7.6**

59