Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

FILED
Clerk
District Court

AUG - 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>VANN LE<br><br>Defendant | ) CRIMINAL ACTION NO. 03-0001<br>)<br>)<br>)<br>)<br>)<br>) DEFENDANT'S MEMORANDUM<br>) FOR AN IN LIMINE RULING<br>)<br>)<br>) |

Vann Le ("Les") brings this motion in limine for exclusion of certain evidence pursuant to Com. R. Evid. Rule 104. *See United States v. Horn*, 185 F.Supp.2d 530, 534 ( D.Md. 2002); *Hall v. Baxter Healthcare Corporation*, 947 F.Supp. 1387, 1394 (D.Or. 1996).

**I.  THE COURT SHOULD EXCLUDE THE PRIOR BAD ACTS THE PROSECUTION SEEKS TO ADMIT AT TRIAL**

**A.  THE PROSECUTION FAILED TO GIVE REASONABLE NOTICE**

FRE Rule 402 excludes admission of evidence which is not relevant and

allows for admission of relevant evidence. Although relevant evidence is admissible, FRE Rule 403 provides for exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue or misleading the jury. Similarly, FRE Rule 404 precludes admission of evidence of "other crimes, wrongs, or acts" to "prove the character of a person in order to show action in conformity therewith." Rule 404 does, however, allow the admission of "other crimes, wrongs, or acts" if the purpose is to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution provides reasonable notice in advance of trial if requested by the defense. *United States v. Vega,* 188 F.3d 1150, 1152 (9th Cir. 1999); FRCrP Rule 4004(b). Specifically, Rule 404(b) provides:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Rule 404)(b)'s reasonable notice requirement is designed to reduce surprise and promote early resolution of admissibility issues. *Vega,* 188 F.3d at 1153;

*United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir.1994). The rule requires the prosecution to provide notice, regardless of how the prosecution intends to use the extrinsic act evidence at trial, whether during its case-in-chief, for impeachment, or for possible rebuttal. *Vega,* 188 F.3d at 1153. Failure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible and precludes the prosecution from using it at trial for any purpose. *Id.* Thus, reasonable notice is a prerequisite or condition precedent for admissibility of the "bad acts" evidence.

Le requested notice of the "bad acts" evidence in his pretrial motion s served on November 19, 2004. The prosecution responded to the request stating "[t]he Government will comply with Fed. R. Evid. 404(b)'s notice provision. Response to Pretrial Motions at 4 filed herein on December 2, 2004. Seven months later on July 11, 2005 the prosecution informs Le of four "prior bad acts" it will seek to introduce at trial. The bad acts consisted of two uncharged burglaries, one theft and an allegation of possession of an unlawful firearm. Le was previously aware of the basis for the allegation concerning the possession of unlawful firearms. However, Le did not possess any knowledge as to the basis for the alleged uncharged burglaries and theft. On July 29, 2005, the prosecution provides Le with the basis for the uncharged burglaries and theft. Trial is scheduled for

October 8, 2005. The "bad acts" evidence is not admissible as the prosecution failed to give reasonable notice as required by Rule 404(b).

In *Vega*, the 9th Circuit ruled that failure to give pretrial notice of Rule 404(b) evidence precluded its admission at trial. 188 F.3d at 1155. Research has failed to uncover any Ninth Circuit authority addressing what constitutes "reasonable notice in advance of trial" under Rule 404(b).. Courts which have addressed the issue recognize that the factors consider in determining the reasonableness of the government's pretrial notice of intent to introduce evidence of prior bad acts include: (1) the time when the government could have learned of the availability of the evidence through timely preparation for trial; (2) the extent of prejudice to defendant from lack of time to prepare; and (3) how significant the evidence is to the government's case. *United States v. Green*, 275 F.3d 694, 701 (8th Cir. 2001); *Perez-Tosta*, 36 F.3d at 1562. These factors support finding the pretrial notice in this case was unreasonable.

The first factor considers the prosecution's discovery of the evidence and its significance to the governments case. *Green*, 275 F.3d at 701;*Perez-Tosta*, 36 F.3d at 1560. The prosecution was well aware of the prior bad acts it seeks to admit on December 2, 2004 when it responded to LE's request. Indeed, the prosecution was aware of the "bad acts' in 2003. Instead of giving notice at that

time, the prosecution waited until shortly before trial to "spring" the "bad act" evidence on Le. This fails to comply with the reasonable notice requirement. The main purpose of the reasonable notice requirement is "to protect defendants from 'trial by ambush.'" *Perez-Tosta*, 36 F.3d at 1561. This appears to be the prosecution's strategy as it sat on the notice until shortly before trial. Rule 404(b) is not meant to a pawn of gamesmanship in the criminal arena. It is meant to provide a defendant as much notice as possible. IN this case, the prosecution's goal seems to be to give the defendant as least time as possible.

The second factor is prejudice to the defendant. In this case, the defense lacked knowledge concerning Le's alleged involvement in the burglaries and theft. The prosecution possessed such knowledge since March, 2003. Le did not have any clue as to the basis of the extremely vague allegations until three days ago , July 29, 2005, when the prosecution produced documents concerning an interview with Borja and a Paul Tababa. This delay in giving notice of uncharged conduct effectively precludes Le from preparing any reasonable defense to the allegations.

The third factor is significance of the evidence. The "bad acts" evidence is significant to the prosecution's case as Le soes not have any prior criminal record and the prosecution does not possess any physical evidence linking Le to the crime. At most, the prosecution's case rest upon statements of co-defendant Borja.

The "bad acts" evidence is, therefore, important to the prosecution's case.

The Rule 404(b) notice" given in this case is unreasonable. This precludes admission of the "bad acts" evidence.

### B. THE 'BAD ACTS" EVIDENCE DOES NT SATISFY THE CRITERIA FOR ADMISSION AND USE AT TRIAL

Courts admit evidence of prior criminal conduct only if "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *Mayans*, 17 F.3d at 1181. The "bad acts" evidence in this case fails to meet this standard.

The first criteria is that the evidence must prove a material point. *Id.* It is difficult to ascertain what material point each 'bad act" is ment to prove since the prosecution simply cited the evidence would be used to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. This recitation of the statutory lingo, without more, does not shed any insight as to the specific material point each "bad act" evidence is meant to prove.

The third factor is the existence of sufficient proof to support a finding that

defendant committed the act. *Id.* The evidence of the alleged prior "bad acts" consist of statements by do-defendant Borja and convicted felon Paul Tabata. Such evidence is insufficient to conclude Le committed the crime. This is especially so since there is not any known evidence corroborating the allegations that the burglaries and theft actually occurred. In relying on the uncorroborated statements of Borja and Tababa, The prosecution apparently forgets that:

> ...because of the perverse and mercurial nature of the devils with whom the criminal justice system has chosen to deal, each contract for testimony is fraught with the real peril that the proffered testimony will not be truthful, but simply factually contrived to "get" a target of sufficient interest to induce concessions from the government. Defendants or suspects with nothing to sell sometimes embark on a methodical journey to manufacture evidence and to create something of value, setting up and betraying friends, relatives, and cellmates alike.

*Commonwealth v. Bowie*, 243 F.3d 1109, 1124 (9th Cir. 2001). This is best demonstrated with respect to the ""bad act" concerning the possession of an unlawful firearm.

The firearm(s) allegedly possessed are not unlawful or illegal under federal law. Commonwealth law allows a person to possess only certain weapons. The unlawful weapons Le allegedly possessed consists of a 9 mm handgun and a broken Tech 9 automatic firearm. See Declaration of Counsel at Exhibit 1. The facts show that the handgun was found in someone else's residence and that

person simply claimed the handgun belonged to Le. As for the broken Tec 9 automatic, Commonwealth law provides that a person may possess "[f]irearms which are in unserviceable condition and which are incapable of being fired or discharged and which are kept as curios, ornaments or for their historical significance or value. " 6 CMC § 2203(b). The broken Tec 9 automatic falls within this category.

The final factor is the similarlity of the acts to the charged crime if the evidence is to be used to show knowledge and intent. Uncharged acts of burglary and theft and possessing an unlawful firearm are not similar to the crimes charged in the indictment and the prosecution does not make any argument or showing that the acts are in fact similar.

### C. ADMISSION OF THE UNCHARGED "BAD ACTS" WILL BE UNDULY PREJUDICIAL

Although evidence of bad acts may be admissible, it may still be excluded if its unduly prejudicial under Rule 403. *Mayans*, 17 F.3d at 1183 In applying the Rule 403 test, he Ninth Circuit has repeatedly emphasized that:

> [e]xtrinsic act evidence is not looked upon with favor. We have stated that "[o]ur reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is."

> Thus, "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

*United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir.1993) quoting *United States v. Hodges*, 770 F.2d 1475, 1480 (9th Cir.1985). Or as otherwise stated:

> ...[the] risk that jury will convict for crimes other than those charged or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment creates prejudicial effect that outweighs ordinary relevance.

*Old Chief v. United States,117* S.Ct. 644, 519 U.S. 172, 136 L.Ed.2d 574 (1997).

This rationale applies in this case.

Le does not have any prior criminal record. The prosecution does not possess any physical evidence linking Le to the charged crimes. The prosecution rests its case upon the testimony of co-defendant Borja. Allowing admission of the uncharged "bad acts" will unduly prejudice Le as the it will tend to suggest that Le is a bad person. A conviction should rest upon proof of Le committing the crimes charged and not based upon a belief that he is a bad person. .

II     **THE PROSECUTION CANNOT INTRODUCE ANY STATEMENT OF JASON RULUKED.**

Discovery has revealed statements by a Jason Ruluked, who is now deceased. Any statement by Ruluked is inadmissable under the confrontation

clause pursuant to in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

### III. THE PROSECUTION IS PRECLUDED FROM INTRODUCING ANY EXPERT WITNESS

Le requested expert witness disclosure under Rule 16 in his in his pretrial motion s served on November 19, 2004. The prosecution responded to the request stating that there was not any expert designation at the time. The prosecution has not designated any expert witness. This precludes the prosecution from calling any expert witness at trial. *See United States v. Birdsbill,* 243 F. Supp.2d 1128, 1136 (D. Mont. 2003).

### CONCLUSION

The court should exclude the proposed "bad acts" evidence. It should also exclude any statements of Jason Ruluked and any expert testimony from the prosecution.

Dated this 1st day of August, 2005.

Law office of G. Anthony Long

By:_____
G. Anthony Long

clause pursuant to in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

### III. THE PROSECUTION IS PRECLUDED FROM INTRODUCING ANY EXPERT WITNESS

Le requested expert witness disclosure under Rule 16 in his in his pretrial motion s served on November 19, 2004. The prosecution responded to the request stating that there was not any expert designation at the time. The prosecution has not designated any expert witness. This precludes the prosecution from calling any expert witness at trial. *See United States v. Birdsbill*, 243 F. Supp.2d 1128, 1136 (D. Mont. 2003).

### CONCLUSION

The court should exclude the proposed "bad acts" evidence. It should also exclude any statements of Jason Ruluked and any expert testimony from the prosecution.

Dated this 1st day of August, 2005.

Law Office of G. Anthony Long

By: _____
G. Anthony Long