Clerk
District Court

AUG - 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant U.S. Attorney
DISTRICT OF THE NORTHERN
 MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax:       (670) 236-2985

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>VANN LE,<br><br>           Defendant. | Criminal Case No. 03-00001<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE<br><br>Hearing: Tuesday, August 9, 2005<br>Time:    8:00 a.m. |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby files its response to the defendant's motion in limine to exclude evidence. The Court should admit the Government's evidence as relevant and not unduly prejudicial.

I.      BACKGROUND

The defendant is charged with conspiring to commit and committing the Hobbs Act robbery of City Trust Bank in Gualo Rai, Saipan, in violation of 18 U.S.C. §§ 1951 and 2; and discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2, on April 12, 2002. The Government contends that the defendant "masterminded" the bank robbery: planning the

operation, recruiting the co-conspirators who actually entered the bank, providing the gun, and driving the getaway car. The defendant recruited his co-conspirators, Lionel Borja and Norman Kapileo, from the "beach boys," a collection of young men who worked at the beach in Garapan, including at the defendant's beach concession, Mas Marine.[1] The defendant used the beach boys as manpower for other crimes, having led an attempted burglary at the CNMI Treasury on Capitol Hill with Borja, Roland Kapileo, who is Norman Kapileo's brother, and Peter Tababa; and a burglary at the Prince Hotel in Sadog Tasi, with Peter Tababa. Additionally, prior to the actual robbery, the defendant discussed burglarizing the City Trust Bank with Peter Tababa and later confessed his involvement to Tababa after the robbery.

On September 6, 2002, CNMI Department of Public Safety (DPS) officers executed search warrants for illegal firearms owned by the defendant on the homes of Robert Fanway[2] and Vann Le, recovering two weapons. Although the Government does not contend that these guns were used in the City Trust robbery, the defendant's possession of illegal firearms is significant because handguns are illegal in the CNMI except for law enforcement use.

The Government filed a notice of its intent to offer evidence pursuant to Fed. R. Evid. 404(b) concerning the burglaries of the CNMI Treasury and Prince Hotel and the defendant's illegally owned firearms on July 8, 2005, one month prior to trial.[3] It provided additional discovery, consisting of police reports and witness statements that it had received from DPS, on July 29, 2005, 10 days prior to the original trial date.

---

[1] Lionel Borja pled guilty to these charges and will testify pursuant to a plea agreement. Norman Kapileo pled guilty without a plea agreement and is listed on the Government's Witness List.

[2] Robert Fanway is deceased. The Government intends to elicit such testimony from Detective Jesse Dubrall, who executed the warrants on behalf of DPS.

[3] The Government originally believed that the theft from the Prince Hotel and burglary in Sadog Tasi were separate events. The Government has learned since filing its notice that they are the same.

II. THE GOVERNMENT'S EVIDENCE OF OTHER BURGLARIES IS INTRINSIC EVIDENCE AND ADMISSIBLE AS RELEVANT EVIDENCE OUTSIDE OF FED. R. EVID. 404(b).

Although the Government gave a 404(b) notice of its intent to use evidence of the burglaries in an abundance of caution, the Government may introduce this evidence of intrinsic events as relevant evidence subject to Fed. R. Evid. 402 and 403, not as other acts evidence subject to Fed. R. Evid. 404(b). United States v. DeGeorge, 380 F.3d 1203, 1219 (9th Cir. 2004). Rule 404(b) "is inapplicable, however, where the evidence the government seeks to introduce directly related to, or inextricably intertwined with, the crime charged in the indictment." United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003), citing United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993). The Ninth Circuit has identified two general categories of cases where other act evidence is "inextricably intertwined" with the crimes with which the defendant is charged and therefore outside of the requirements of Rule 404(b). See United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995). First, evidence may be admitted where it is part of the transaction at issue in the indictment. Second, evidence may be admitted where "it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime; it is obviously necessary in certain cases for the government to explain either the circumstances ... surrounding the commission of the crime." Id. at 1012-13.

The Government intends to offer evidence of the other burglaries under the second category of "inextricably intertwined" evidence to explain the relationship between the defendant and his co-conspirators and the circumstances behind the conspiracy. See United States v. Daly, 974 F.2d 1215, 1216 (9th Cir. 1992) ("[The jury] cannot be expected to make its decision in a void – without knowledge of the time, place and circumstances of the acts which form the basis of the charge." (citations and quotations omitted)). Evidence of other criminal acts by co-conspirators is admissible, for example, to establish the relationship between co-conspirators, show that the relationship was ongoing, and explain why the defendant trusted the co-conspirator to join him in a significant crime,

1  United States v. Beckman, 298 F.3d 788, 793 (9th Cir. 2002); to provide the context in which the
2  charged crime occurred, United States v. Collins, 90 F.3d 1420, 1428 (9th Cir. 1996); and to provide
3  a "factual connection" between evidence and the counts of the indictment, DeGeorge, 380 F.3d at
4  1220.
5        The Government's evidence of other burglaries is relevant to establish the relationship
6  between the defendant and Lionel Borja. In particular, the evidence of the Capitol Hill burglary
7  explains why the defendant would invite Borja to join a conspiracy to commit a very serious crime
8  on very short notice. In addition, the evidence of the Sadog Tasi burglary explains why the
9  defendant would confess his involvement in the City Trust robbery to Peter Tababa. The confession,
10 without this evidence, seems to come out of nowhere and, accordingly, the burglary evidence is
11 necessary to link the confession to the charged conspiracy. Finally, all of this evidence is necessary
12 to explain to the jury the circumstances under which the defendant formed this conspiracy and
13 recruited its members.
14       As discussed below, this evidence is not unduly prejudicial under Rule 403. The Court's
15 monitoring of this evidence under Rule 403 ensures that unfairly prejudicial evidence does not come
16 into the case, even though the Court would not perform a Rule 404(b) analysis. See Beckman, 298
17 F.3d at 794.
18 III.   ALTERNATIVELY, THE GOVERNMENT'S EVIDENCE OF BURGLARIES AND
       ILLEGAL HANDGUNS IS ADMISSIBLE UNDER RULE 404(b).
19
      A.   The Government's Disclosure Was Timely.
20
      The defendant complains that the Government's notice was untimely pursuant to United
21
22 States v. Vega, 188 F.3d 1150, 1152 (9th Cir. 1999). In Vega, the Government failed to fulfill its
   notice obligation when the Government began to introduce other acts evidence during the
23
24 defendant's case in chief, after informing the defendant and the court that it was not aware of any
   404(b) evidence. Id. at 1153. Here, even though the Government maintains that it has no obligation
25

4

to give notice of the burglaries under 404(b), it gave notice of the burglaries and the illegal handguns one month prior to trial to eliminate "surprise and promote early resolution of admissibility issues." Id. at 1153, citing United States v. Perez-Tosta, 36 F.3d 1552, 1561 (8th Cir. 1994). In fact, the defendant's motion in limine on this issue demonstrates that the Government's notice was sufficient.

The defendant's complaint that the Government failed to disclose the basis of the burglary allegation until it disclosed statements of Borja and Tababa on July 29, 2005 is, in fact, an issue of discovery, not evidence.[4] The Government is not required to disclose its trial theory to the defendant. Moreover, Fed. R. Crim. P. 16(a)(2) does not require the production of police reports or witness statements except as provided by 18 U.S.C. § 3500, which does not require the production of prior statements until immediately after the witness has testified. Here, the Government produced the statements more than 10 days before trial, permitting sufficient time for the defendant to avoid surprise, resolve any admissibility issues, and prepare for cross examination.

B.  The Government's Evidence Is Admissible To Show Intent and Relationship And Is Not Unduly Prejudicial.

The Government's evidence of the burglaries is alternatively admissible to show the defendant's intent to enter into the conspiracy and the relationship between the conspirators. See United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir. 1991); United States v. McKoy, 771 F.2d 1207, 1213 (9th Cir. 1985); United States v. Bradshaw, 690 F.2d 704, 708 (9th Cir. 1982). Rule 404(b) is a rule of inclusion, admitting evidence of other crimes or acts "except where it tends to prove *only* criminal disposition." Ayers, 924 F.2d at 1473, quoting United States v. Sangrey, 586 F.2d 1312, 1314 (9th Cir. 1978). The Government does not intend to introduce this evidence to prove a propensity for crime; instead the Government needs this evidence to explain how the conspiracy came to exist. See United States v. Bailleaux, 685 F.2d 1105, 1112 (9th Cir. 1982) (in admitting

---

[4] The defendant does not object to the timeliness of disclosure of the Government's basis for evidence of the illegal handguns.

5

evidence of other crimes, the "trial court should consider the need for evidence of prior criminal conduct to prove a particular point"), partially modified on other grounds, Huddleston v. United States, 485 U.S. 681 (1988).

The Court must consider a four-part test before admitting evidence under Rule 404(b): "(1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other acts must be similar to the offense charged." Ayers, 924 F.2d at 1473. The Government meets this four part test with regard to the burglaries. First, the Government's evidence on the other burglaries consists of testimony from Borja and Tababa. This evidence is sufficient for a jury to find that the defendant committed the other acts by a preponderance standard. See Huddleston, 485 U.S. at 691; Ayers, 924 F.2d at 1473 (testimony of one witness on prior act sufficient for evidence to go to jury). Second, the other acts prove points material to the case: they explain and establish the defendant's relationship with his co-conspirators, see McKoy, 771 F.2d at 1214 (other crime "admissible to explain the nature of the relationship between [co-conspirators] and to put their transaction in context for the jury"); Bradshaw, 690 F.2d at 708 (other acts relevant to show defendant's "dominion" over victim); and to show that the defendant intended to enter into a conspiracy with his co-conspirators. See Ayers, 924 F.2d at 1473. Third, the other burglaries occurred at the same general time, March and April, 2002, as the bank robbery. Finally, with regard to the issue of intent, the burglaries and robbery are similar: they involve the same personnel and most importantly, the same planner, the defendant.

The Government also meets the four-part test with regard to the evidence of the illegal handguns. First, the Government is prepared to offer the testimony of Detective Jesse Dubrall, who recovered the illegal handguns in executing a CNMI search warrant; second, the evidence is material to the issue of the defendant's participation in the conspiracy, robbery and 924(c) charge in that it

demonstrates the availability of a gun to the defendant; and third, the gun was available in a timely way to defendant.

The other acts evidence is also not unfairly prejudicial. The evidence strongly supports material points and is thus highly probative. Any danger of unfair prejudice is minimized because the other acts are less serious than the charged crimes and by a limiting instruction to the jury, which the Government has already requested. Accordingly, the Court should admit the evidence.

IV.   THE GOVERNMENT DOES NOT INTEND TO INTRODUCE ANY *TESTIMONIAL* STATEMENT OF ROBERT FANWAY OR EXPERT OPINIONS.

The defendant requests that the Court exclude any statement of Robert Fanway, who is deceased, as a violation of the Confrontation Clause.[5] The Confrontation Clause requires the exclusion of only *testimonial* statements by an unavailable hearsay declarant. Crawford v. Washington, 541 U.S. 36 (2004); United States v. Wilmore, 38 F.3d 868 (9th Cir. 2004). Accordingly, the Government does not intend to introduce any testimonial statements by Robert Fanway, including any statements to the police or the grand jury.

The Government also does not intend to call or to offer any hearsay statements by Jason Ruluked. Jason Ruluked falsely confessed to the Citytrust Bank robbery and later recanted. He pled guilty in this Court to making false statements in connection with this investigation. Ruluked's truthful testimony would not be relevant to this case and the Government would object to the introduction of any statement by Ruluked. The Government does not believe that a ruling on this objection is necessary because the defendant has not listed Ruluked on its witness list.

---

[5]The defendant clarified by teleconference a misstatement in his motion. Jason Ruluked, who the defendant originally named, is not deceased. However, the Government would object to any testimony from Ruluked as well.

Finally, the Government does not intend to offer any expert opinion that would have been subject to Fed. R. Crim. P. 16(a)(1)(G). The Government reserves the right to introduce lay opinion testimony pursuant to Fed. R. Evid. 701.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

Date: 8/7/05

By: /s/ Timothy E. Moran
TIMOTHY E. MORAN
Assistant United States Attorney