Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

FILED
Clerk
District Court

AUG - 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 03-0001 |
| Plaintiff | ) |
| v. | ) DEFENDANT'S MEMORANDUM<br>) SUPPORTING DISMISSAL FOR<br>) LACK OF JURISDICTION |
| VANN LE | ) |
| | ) Date: |
| Defendant | ) Time: |
| | ) Judge: Tashima |

## I. THIS COURT LACKS JURISDICTION AS THE HOBBS ACT IS INAPPLICABLE IN THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

The Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant") is the sole source for the United States authority over the Northern Mariana Islands. *United States ex. rel. Richards v. Guerrero*, 4 F.3d 749 (9th Cir. 1993). *See Northern Mariana Islands v. United States,* 399 F.3d 1057, 1062 - 1063(9th Cir. 2005)

["We do not dispute that 'the authority of the United States towards the CNMI arises solely under the Covenant.'"]; *Sagana v. Tenorio*, 384 F.3d 731, 734 (9th Cir. 2004) [The United States' authority over the CNMI is not absolute as it is limited by the Covenant]. Indeed, the Ninth Circuit has previously stated that "we **emphasize** that 'the authority of the United States towards the CNMI arises solely under the Covenant.'" *Richards,* 4 F.3d at 754 quoting *Hillblom v. United States*, 896 F.2d 426, 429 (9th Cir. 1990)(emphasis added). *Richards* further noted that:

> [t]he Covenant has created a "unique" relationship between the United States and the CNMI, and its provisions alone define the boundaries of those relations. (citation omitted)

4 F.3d at 754. Thus the Hobbs Act's applicability in the Commonwealth is determined solely by examining the statute in light of the Covenant. *Northern Mariana Islands v. United States, supra; Sagana, supra; Richards, supra.*

The Hobbs Act, codified as 18 U.S.C. § 1951, was adopted from New York. *Evans v. United States*, 504 U.S. 255, 261 n.9, 112 S.Ct. 1881, 1886 n. 9, 119 L.Ed.2d 57 (1992). In enacting the Hobbs Act, Congress relied on its powers under the commerce clause. *Stirone v. United States*, 361 U.S. 212, 215, 80 S.Ct. 270, 274, 4 L.Ed 252 (1960). It is undisputed that "[c]ongress meant for the Hobbs Act to reach as far as the Commerce Clause of the United States Constitution would allow.... Consequently, an inquiry into the reach of section 1951 is the same

as an inquiry into the limits imposed on Congress by the Commerce Clause." *United States v. Rodriguez*, 360 F.3d 949, 954 (9th Cir., 2004). Accordingly, the Act defines "commerce" as:

> ...commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S.C. §(b)(3). This broad definition of commerce is the jurisdictional "hook" for federal jurisdiction in a Hobbs Act case. *United States v. Lynch*, 282 F.3d 1049 (9th Cir. 2002). An examination of the Hobbs Act jurisdictional reach in light of the Covenant reveals that the statute's "jurisdictional hook" is inapplicable in the Northern Mariana Islands[1].

A.  **THE COVENANT DOES NOT EXTEND THE COMMERCE CLAUSE TO THE COMMONWEALTH**

As previously noted, the Covenant serves as the sole basis for the United States authority over the Northern Mariana Islands. *Richards, supra.* Covenant §

---

[1] This squarely presents the issue avoided in *Hillblom.* 896 F.2d at 431 ["We have not been called upon to adjudicate a challenge to a specific statute which violates a provision of the Covenant or to interpret a particular section of the Covenant in light of a concrete and actual controversy."]

501(a) extends certain, but not all, United States Constitutional provisions to the NMI. *Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1439 (9th Cir. 1997); *Hillblom*, 896 F.2d at 428. The commerce clause is one of the constitutional provisions not extended to the NMI. *Id*; Since the Covenant does not extend the commerce clause to the NMI, the commerce clause cannot serve as a basis for jurisdiction.

A similar issue was addressed in *Fleming v. Department of Public Safety, Commonwealth of Northern Mariana Islands*, 837 F.2d 401(9th Cir. 1988) overruled on other grounds, *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir.1992). *Fleming* concerned the applicability of the 11th amendment and whether the NMI possessed 11th amendment immunity. In noting that the Covenant did not extend the 11th Amendment to the Commonwealth, *Fleming* ruled that:

> [f]rom the specificity with which the applicable provisions of the United States Constitution are identified, it is clear that the drafters considered fully each constitutional amendment and article for inclusion in the Covenant. That they deliberately declined to include the eleventh amendment unequivocally demonstrates their desire that the Commonwealth not be afforded eleventh amendment immunity. As the Supreme Court long ago observed, "in an instrument well drawn, as in a poem well composed, silence is sometimes most expressive." *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 454, 1 L.Ed. 440 (1793) (opinion of Wilson, J.). Furthermore, neither the government of the United States nor of the Commonwealth has since approved any law, compact, or treaty that would have the effect of making the eleventh amendment

> applicable to the Commonwealth.
>
> Under these circumstances, the most basic rule of statutory construction is that the plain language of the statute should be regarded as conclusive. (citations omitted). Where the language of the Covenant is as clear as it is here, and the legislative history and purpose are not to the contrary, we may not impose eleventh amendment immunity on the Commonwealth.

*Id* at 405 - 406. This same logic and rationale applies equally with respect to the commerce clause since the Covenant did not extend its application to the Commonwealth[2].

### B. THE COVENANT DOES NOT EXTEND THE TERRITORIAL CLAUSE TO THE COMMONWEALTH

The Hobbs Act defines "commerce" as including an intra-territorial component which has been recognized as being derived from the Constitution's territorial clause[3]. *United States v. Liburd*

---

[2] Likewise, the catch-all jurisdiction clause of any commerce over which the United States has jurisdiction also fails to extend Hobbs Act jurisdiction to the CNMI. Indeed, the United States lacks jurisdiction over immigration into the CNMI, Covenant § 503(a) and the CNMI is outside the customs jurisdiction of the United States, Covenant § 603(a). This means the United States has no jurisdiction over the movement of people and goods between the CNMI and any place outside thereof.

[3] It has been recognized that Congress' Commerce Clause powers "are implicit" in the Territorial clause. *Polychrome International Corp. v. Krigger*, 5 F.3d 1522, 1534 (3rd Cir. 1993).

291 F.Supp.2d 383, 386 (D.Virgin Islands 2003). This constitutional provision also fails to confer jurisdiction over a Hobbs Act offense.

Article IV clause 2 of the United States Constitution known as the "Territorial Clause" vests Congress with power and authority over all territories of the United States. However, the Covenant, which establishes the Commonwealth, does not extend application of the Territorial Clause to the NMI. *Magana*, 107 F.3d 1436, 1439 (9th Cir. 1997); *Hillblom*, 896 F.2d at 428; Covenant § 501. The Covenant's creation of the Commonwealth together with excluding application of the territorial clause precludes Hobbs Act jurisdiction resting upon the intra-territorial commerce provision. As stated in *Richards:*

> [t]he Covenant has created a "unique" relationship between the United States and the CNMI, and its provisions alone define the boundaries of those relations. (citation omitted) For this reason, we find unpersuasive the Inspector General's reliance on the Territorial Clause ….

4 F.3d at 754. *See Fleming v. Department of Public Safety*, 837 F.2d 401, 404-405 (9th Cir. 1988)[42 U.S.C. § 983 applies in the CNMI pursuant to Covenant 502(a)(2) and not the territory provisions of the statue].

This conclusion is supported by court decisions addressing whether Puerto Rico, a commonwealth of the United States, is treated as a territory with respect to federal statutues which reach "intra-territorial" activities. Research shows that the

federal courts in Puerto Rico first addressed the issue in *United States v. Rios*, 140 F.Supp. 376 (D. PR 1956). *Rios* concerned whether Puerto Rico was a territory or possession under the Federal Firearms Act, 15 U.S.C. § 901(2)[4], which defined commerce as including commerce within any Territory or possession of the United States. The court upon careful analysis concluded that once Puerto Rico gained status as a commonwealth, the portion of the statute defining "commerce" as commerce within any Territory or possession of the United States was inapplicable to Puerto Rico. In reaching this conclusion the court reasoned that:

> [a]t present, such local transactions or conduct are to be dealt with by the Commonwealth under its own Constitution and internal laws, and **it would be frustrative of the very purpose and intention of Congress in establishing the new status to now hold that said statue may accomplish by indirection the very thing that Congress expressly wanted to leave in the hands of the Commonwealth's government.**

140 F. Supp at 381 (emphasis added).

The First Circuit addressed a similar issue in *Cordova & Simonpietri Insurance Agency Inc v. Chase Manhattan Bank*, 649 F.2d 36 (1st 1981). The issue in *Cordova* was whether section 3 of the Sherman Act which prohibited certain acts which occurred within a Territory or possession of the United States applied to Puerto Rico. The court held that once Puerto Rico achieved commonwealth status it ceased being a

---

[4]The statute is the predecessor to 18 U.S.C. § 922.

territory for purposes of the Sherman Act. 649 F.2d at 41-44.

The United States Supreme Court appears to endorse this view with respect to the transformation of Puerto Rico into a commonwealth. Indeed, the Supreme Court has recognized that Puerto Rico possesses a "unique status" in the federal system. *See Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corporation*, 485 U.S. 495, 499, 108 S.Ct. 1350, 1353, 99 L.Ed.2d 582, (1988).

Likewise, in *Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 102 S.Ct. 2194 (1982), the court, citing *Cordova*, held:

> [a]t the same time, Puerto Rico, like a state, is an autonomous political entity, "**sovereign over matters not ruled by the Constitution**."(emphasis added).

*Id* at 457 U.S. at 8, 102 S.Ct. at 2199(emphasis added).

It is clear that the jurisprudence relating to Puerto Rico's status as a commonwealth establishes that Puerto Rico is not treated as or viewed as a "territory or possession of the United States" for purposes of federal statutes that reach purely "intra-territorial activities". The same judicial principle should apply to the Commonwealth of the Northern Mariana Islands. Indeed, in *Puerto Rico Department of Consumer Affairs* the Supreme Court referencing Puerto Rico's status of a commonwealth as being "unique" is the same term used by the Ninth Circuit in

referring to the NMI's status. *Richards*, 4 F.3d at 754 ["The Covenant has created a "unique" relationship between the United States and the CNMI..."]

## C. JURISDICTION IS NOT CONFERRED BY COVENANT § 502

Give the inapplicability of the commerce and territorial clauses, the only possible basis for existence of Hobbs Act jurisdiction rests with Covenant § 502. Section 502 provides:

> (a) [t]he following laws of the United States in existence on the effective date of this Section and subsequent amendments to such laws will apply to the Northern Mariana Islands, except as otherwise provided in this Covenant:
>
> (1) those laws which provide federal services and financial assistance programs and the federal banking laws as they apply to Guam; Section 228 of Title II and Title XVI of the Social Security Act as it applies to the several States; the Public Health Service Act as it applies to the Virgin Islands; and the Micronesian Claims Act as it applies to the Trust Territory of the Pacific Islands;
>
> (2) those laws not described in paragraph (1) which are applicable to Guam and which are of general application to the several States as they are applicable to the several states; and
>
> (3) those laws not described in paragraphs (1) or (2) which are applicable to the Trust Territory of the Pacific Islands, but not their subsequent amendments unless specifically made applicable to the Northern Mariana Islands, as they apply to the Trust Territory of the Pacific Islands until termination of the Trusteeship Agreement, and will thereafter be inapplicable.

Page 9 of 14

> (b) The laws of the United States regarding coastal shipments and the conditions of employment, including the wages and hours of employees, will apply to the activities of the United States Government and its contractors in the Northern Mariana Islands.

Covenant §§ 502(a)(1), 502(a)(3) and 502(b) are not applicable on their face. This leaves Covenant § 502(a)(2)'s two prong test as the only possible Covenant provision which renders the Hobbs Act enforceable in the Commonwealth. According to Covenant § 502 (a)(2), laws applicable to Guam and which are of general application to the several States apply in the Commonwealth as they are applicable to the several states. *Fleming*, 837 F.2d at 406. Section 502 (a)(2)'s two prong test is meant to:

> prevent the application of laws so as to reach **intraterritorial matters** within the Northern Marianas where similar intrastate matters with the states are not reached. To reach such matters in the Northern Marianas would be inconsistent with the guarantee of local self-government.

**Section By Section Analysis of the Covenant to Establish a Commonwealth of the Northern Mariana Islands,** 53 (February 15, 1975)[5][emphasis added]. However, the inherent and irreconcilable conflict between the Hobbs Act jurisdictional element and the inapplicability of the commerce and territorial clauses to the CNMI precludes exercising jurisdiction over the Hobbs Act charges.

---

[5] The Analysis is used to assist in discerning the meaning of the Covenant. *Northern Mariana Islands v. United States*, 399 F.3d 1057, 1065 (9th Cir. 2005).

*Fleming* addressed the application of 11th Amendment Immunity to the CNMI in the context of a 42 U.S.C. § 1983 claim. In noting that Covenant § 501(a) did not extend 11th Amendment immunity to the Commonwealth, the court concluded that Covenant § 502(a)(2) did not provide a "back door" for extension of the constitutional provision.

> [a] plain reading of the Covenant indicates a separation between constitutional and nonconstitutional provisions. We simply cannot subvert the well defined parameters of sections 501(a) and 502(a)(2) absent clear legislative intent. Were we to incorporate the eleventh amendment through section 502(a)(2), we would reduce that amendment to a mere "law" generally applicable to the states, as opposed to a constitutional provision.

837 F.3d at 406. The same basic rationale applies in this case. The commerce clause was not extended to the CNMI and the Covenant does not otherwise give the United States jurisdiction over intra-CNMI commerce or commerce between the CNMI and any place outside thereof. Covenant § 502(a)(2) can not, therefore, serve as the vehicle for imposition of federal criminal liability under the Hobbs Act. As reasoned by *Magana*:

> "[i]f authority is found in a statue but not in the Constitution, the statute is unconstitutional. If authority is found in the Constitution but not in a statute, the jurisdiction does not exist because Congress has not conferred it upon the courts."

107 F.3d at 1442 quoting Ray Forrester, **The Nature of a Federal Question**", 16 Tulane L. Rev. 363, n.4 (1942).

Because the commerce clause is not specifically extended to the CNMI by Covenant § 501, this precludes reliance on Covenant § 502(a)(2) for imposing the

constitutional provision upon the CNMI. *Fleming*, 837 F.2d 401, 406, (9th Cir. 1988). To do so would reduce the constitutional provision to a mere "law". *Id* (emphasis in original). Accordingly, when a particular activity is beyond the reach of the commerce clause and a federal criminal statute aimed at the activity expressly incorporates the commerce clause as a jurisdictional element, then federal courts lack criminal jurisdiction over such activity. *See United States v. McCoy,* 323 F.3d 1114, 1124 - 1130 (9th Cir. 2003)[Statute's commerce clause "jurisdictional hook" is "useless" and it "provides no support for the government's assertion of federal jurisdiction" as the alleged activity does not fall within reach of the commerce clause]. This is precisely the circumstance in this case. The "jurisdictional hook" fails to confer jurisdiction.

Le is aware that this district court has previously held that the Hobbs Act applies in the CNMI. *United States v. Du Bo*, 1997 WL 33630795 at 1, (D.N.M.I. 1997) reversed on other grounds 186 F.3d 1177 (9th Cir.1999). |Specifically, this court ruled that:

> [d]efendant's contention that 18 U.S.C. § 1951 does not apply within or to the Commonwealth is wrong. After full implementation of all portions of the "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America" (Covenant), P.L. 94-241, 90 Stat. 263, all federal laws apply within and to the Commonwealth. *United States of America, ex rel. James R. Richards v. Lorenzo de Leon Guerrero*, "Decision and Order Granting Enforcement of Administrative Subpoena," Misc. No. 92-00001, pp. 54-67 (D.N.M.I. July 24, 1992) (Covenant § 502 was an interim formula, valid until assumption of full sovereignty by the Untied States, at which point all laws applicable to the several States would be in effect of their own force, unless elsewhere excluded by the Covenant or by Congress), aff'd 4 F.3d 749 (9th Cir.1993).

*Id.* In rendering this ruling it appears the court may have misconstrued the Ninth Circuit's ruling in *Richards*. The Ninth Circuit did not affirm that Covenant § 502 was an interim formula and upon full implementation of the Covenant all federal laws apply within and to the Commonwealth. Instead, *Richards* ruled as following:

> [the] Governor also challenges dicta in the district court's opinion regarding Covenant Section 502, the mechanism through which a body of federal law was brought into effect upon the establishment of the Commonwealth government in January 1978.
>
> The district court found that "Section 502 was an interim formula, valid until the assumption of full sovereignty by the United States when all United States laws applicable to the several States would be in effect of their own force, unless elsewhere excluded by the Covenant or by Congress." *Richards v. Guerrero*, No. 92-00001, slip op. at 55, 1992 WL 321010 (D.N.M.I. July 24, 1992). Therefore, concluded the district court, "Covenant § 502 is no longer in effect. All federal laws applicable to the several States apply to the CNMI, unless excluded by Congress." Id. at 56.
>
> The Governor thus asserts that the district court erroneously invalidated Section 502. **We need only clarify that Section 502 governs the application to the CNMI of federal laws existing prior to January 9, 1978, and that Section 105 governs the application of federal laws enacted after that date.**

4 F.3d at 756 (emphasis added). In any event, the district court's ruling in *Du Bo* is neither precedent nor stare decisis. *Fleming*, however, is binding precedence and under *Fleming*, neither the commerce nor territorial clauses apply to the Commonwealth. This means the court lacks jurisdiction in this case, as the essential

jurisdictional element of a Hobbs Act violation, the commerce clause, is inapplicable to and in the Commonwealth.

## CONCLUSION

The Ninth Circuit has acknowledged that the Hobbs Act reach is restricted only by the limits of the commerce clause. *Rodriguez* 360 F.3d at 954. The Covenant, which governs the relationship between the Northern Mariana Islands and the United States, does not extend either the commerce clause or the territorial clause to the Northern Mariana Islands. Pursuant to the Ninth Circuit's ruling in *Fleming*, this circumstance results in neither the commerce clause nor the territorial clause applying in the Northern Mariana Islands. This deprives the court of jurisdiction as the Hobbs Act expressly incorporates the reach of the commerce clause as the "jurisdictional hook". Accordingly, Le can only be charged and tried in the Commonwealth Superior Court under Commonwealth law.

Dated this 8th day of August, 2005.

Law Office of G. Anthony Long

By: _____
G. Anthony Long