# TRIAL MINUTES OF THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

CR-03-00001

August 17, 2005
9:25 a.m.

FILED
Clerk
District Court

AUG 17 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES OF AMERICA -v- VANN LE, et., al.

PRESENT:   Hon. Alex R. Munson, Chief Judge Presiding
           Sanae Shmull, Court Reporter
           K. Lynn Lemieux, Courtroom Deputy
           Timothy Moran, Assistant U. S. Attorney
           G. Anthony Long, Attorney for Defendant
           Vann Le, Defendant

PROCEEDINGS:   JURY TRIAL - Day Three

   Government by Timothy Moran, AUSA. Attorney G. Anthony Long was present on behalf of and with defendant, Vann Le. 12 regular jurors and 1 alternate juror was present.

   Government called witness:

   **NORMAN KAPILEO**. DX. Government moved Exhibit 12 (Norman Kapileo's plea agreement) into evidence, there being no objection, Court so ordered. Defense began cross-examination at 9:45 a.m. Defense moved **Exhibit I** into evidence; Government objected. Defense again moved **Exhibit I** into evidence; over objection, Court so ordered. RDX. Witness was excused.

   Government rested at 10:05 a.m.

   Jurors were excused from the Courtroom. Defense moved for Judgment of Acquittal; Government argued; Court **DENIED** the motion.

   Court recessed at 10:20 a.m. and reconvened at 10:45 a.m.

   Defense began case and called witness:

   **VICTORIA PARAN**. DX. CX. RDX. Witness was excused.

   **EDWARD H. MANALILI**. DX. CX. RDX.

   Court recessed the jurors for lunch at 11:30 a.m. and ordered them to return at 1:00 p.m. to reconvene trial. Court excused the witness and ordered that he return at 1:00 p.m.

   Outside the presence of the jury, Government produced an investigative 302 document for

the Court's review. Defense argued that there was intentional destruction of evidence and that the jury be advised of this fact or that this case be dismissed. Government argued that they cannot produce a copy of a recording that does not exist. Court ordered that the motion to dismiss the case is DENIED. The motion to instruct the jury was taken under advisement.

Court recessed for lunch at 11:50 a.m. and reconvened at 1:10 p.m.

Defense continued the RDX of witness MANALILI. RCX.

Defense called witness:

**JESSE DUBRALL**. (Detective DPS). DX. CX. RDX. Witness was excused.

Court excused the jurors at 1:45 p.m. and they left the courtroom.

Defense requested a 15 minute recess to talk with the investigation "source" and determine whether defense wanted to put him on the witness stand.

Court recessed at 1:46 p.m. and reconvened at 2:10 p.m.

Outside the presence of the jury, Defense addressed the Court regarding declining to call the witness as discussed.

Defense called witness:

**JOSEPH AUTHER**. (Special Agent, FBI). DX. CX.

Defense rested their case at 2:15 p.m.

Court released the jurors until tomorrow morning at 9:00 a.m. All jurors left the courtroom.

Defense again moved for Judgment of Acquittal as a matter of law and moved for Dismissal because of destroyed evidence. Government argued. Court took the matter under advisement and stated that a decision would be forthcoming.

Court took a five minute recess and resumed at 2:25 p.m.

Court **DENIED** the Motion for Acquittal. Further, Court **DENIED** the motion for dismissal of case.

Adjourned at 2:30 p.m.

K. Lynn Lemieux, Courtroom Deputy