F I L E D
Clerk
District Court

AUG 1 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1

2

3      UNITED STATES DISTRICT COURT

4      NORTHERN MARIANA ISLANDS

5

6   UNITED STATES OF AMERICA,        )    Criminal Case No. 03-00001
                         Plaintiff,  )
7                                    )    **JURY INSTRUCTIONS**
             v.                      )
8   VANN LE,                         )    Jury Trial:  August 16, 2005
                                     )    Time:         9:00 a.m.
9                    Defendant.      )
                                     )
10  _____ )

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION ___

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant whois charged with serious crimes. The fact that prosecution is brought in the name of the United States of America entitles the prosecution to no greater consideration than that accorded to any other party to a litigation. All parties, whether government or individuals, stand as equals at the bar of justice.

INSTRUCTION ___

The question before you can never be: Will the government win or lose the case. The government always wins when justice is done. Justice is achieved when you, the jury return your verdict, regardless of whether the verdict is guilty or not guilty.

## INSTRUCTION ___

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

1

INSTRUCTION ___

2

3        A defendant in a criminal case has a constitutional right not to testify.   No

4  presumption of guilt may be raised, and no inference of any kind may be drawn, from

5  the fact that the defendant did not testify.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

INSTRUCTION ___

2   The evidence from which you are to decide what the facts are consists of:

3   (1) the sworn testimony of any witness;

4   (2) the exhibits which have been received into evidence; and

5   (3) any facts to which all the lawyers have stipulated.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1               INSTRUCTION ___

2          Evidence may be direct or circumstantial. Direct evidence is direct proof of a

3    fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence,

4    that is, proof of a chain of facts from which you could find that another fact exists,

5    even though it has not been proved directly. You are to consider both kinds of

6    evidence. The law permits you to give equal weight to both, but it is for you to decide

7    how much weight to give to any evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

1

INSTRUCTION ___

2      You are not required to decide any issues according to the testimony of a

3  number of witnesses, which does not convince you, as against the testimony of a

4  smaller number or other evidence, which is more convincing to you. The testimony

5  of one witness worthy of belief is sufficient to prove any fact. This does not mean

6  that you are free to disregard the testimony of any witness merely from caprice or

7  prejudice, or from a desire to favor either side. It does mean that you must not decide

8  anything by simply counting the numbers of witnesses who have testified on the

9  opposing sides. The test is not the number of witnesses, but the convincing force of

10  the evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION NO. _____


If you find that the Government has lost, destroyed, or failed to preserve

material evidence that might aid the defendant and you find the explanation for the

loss inadequate, you may draw an inference that the evidence would have been

unfavorable to the Government.

INSTRUCTION ___

You have heard evidence that certain witnesses gave or made prior statements which were inconsistent with testimony given during trial. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

INSTRUCTION ____

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

INSTRUCTION ___

A separate crime is charged against the defendant in each count. The charges have been joined for trial. You must decide the case on each crime charged against the defendant separately. Your verdict on any count as to the defendant should not control your verdict on any other count.

All of the instructions apply to each count.

1

## INSTRUCTION ___

2     You have heard testimony that the defendant made a statement. It is for you to
3 decide (1) whether the defendant made the statement, and (2) if so, how much weight
4 to give to it. In making those decisions, you should consider all of the evidence about
5 the statement, including the circumstances under which the defendant may have made
6 it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## INSTRUCTION _____

2

3    You have heard evidence of other crimes engaged in by the defendant. You

4    may consider that evidence only as it bears on the defendant's motive, opportunity,

5    intent, preparation, plan, knowledge, identity, absence of mistake or accident and for

6    no other purpose.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

You have heard evidence that Lionel Borja, Peter Tababa and Norman Kapileo, witnesses, have been convicted of felonies. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

INSTRUCTION ___

You have heard testimony from Lionel Borja, and Norman Kapileo, witnesses who admitted being accomplices to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. For this reason, in evaluating the witness' testimony, you should consider the extent to which or whether the witness' testimony may have been influenced by this factor. In addition, you should examine the witness' testimony with greater caution than that of other witnesses.

INSTRUCTION ___

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those reasons, the law allows the use of accomplice testimony. Indeed, it is the law that the testimony of accomplices may be enough in itself for conviction, if the jury finds the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides.

However, let me say that a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

1         In sum, you should look at all of the evidence in deciding what credence and

2    what weight, if any, you will want to give to the accomplice witnesses.

1

INSTRUCTION ___

2      You have heard testimony from Lionel Borja and Norman Kapileo, witnesses

3  who pleaded guilty to a crime arising out of the same events for which the defendant

4  is on trial.  Their guilty pleas are not evidence against the defendant, and you may

5  consider it only in determining these witness' believability.  You should consider such

6  testimony with greater caution that of other witnesses.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

INSTRUCTION ___

2  You have heard the testimony that Lionel Borja has received favorable

3 treatment from the government in connection with this case. You should examine his

4 testimony with greater caution than that of ordinary witnesses. In evaluating that

5 testimony, you should consider the extent to which it may have been influenced by

6 the receipt of favorable treatment from the government.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

The defendant is charged in Count One of the indictment with conspiring to commit robbery affecting interstate or foreign commerce in violation of Section 1951 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about April 12, 2002, there was an agreement between two or more persons to commit the crime of robbery affecting interstate or foreign commerce;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, that the robbery that was the object of the conspiracy had the potential to affect commerce between the CNMI and other state, territory or country.

I shall discuss with you briefly the law relating to both of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1

INSTRUCTION ___

2    Each crime charged in the indictment requires proof of specific intent before

3  the defendant can be convicted.  Specific intent, as the term implies, means more than

4  the general intent to commit the act.  To establish specific intent the prosecution must

5  prove that the defendant knowingly conspired to commit robbery.  Such intent may be

6  determined from all the facts and circumstances surrounding the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that the defendant was not a member of the charged conspiracy, then you must find the defendant not guilty, even though the defendant may have been a member of some other conspiracy.

INSTRUCTION ___

A conspiracy may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though the defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

1    INSTRUCTION ___

2        Once a person becomes a member of a conspiracy, that person remains a

3    member until that person withdraws from it or that conspiracy ends.  One may

4    withdraw by doing acts which are inconsistent with the purpose of the conspiracy and

5    by making reasonable efforts to tell the co-conspirators about those acts.  You may

6    consider any definite, positive step that shows that the conspirator is no longer a

7    member of the conspiracy to be evidence of withdrawal.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of robbery affecting interstate or foreign commerce as charged in Count Two of the indictment or the discharge of a firearm during and in relation to a crime of violence as charged in Count Three if the government has proved each of the following elements beyond a reasonable doubt:

1. a person committed the crime of robbery affecting interstate or foreign commerce or discharge of a firearm during and in relation to a crime of violence as alleged in that count;

2. the person was a member of the conspiracy charged in Count One of the indictment;

3. the person committed the crime of robbery affecting interstate or foreign commerce or discharge of a firearm during and in relation to a crime of violence in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offenses charged in Counts Two and Three were committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

This instruction is in addition and separate from finding the defendant guilty of robbery affecting interstate or foreign commerce or discharge of a firearm during and in relation to a crime of violence directly under an aiding and abetting theory.

INSTRUCTION___

A defendant may be found guilty of robbery affecting interstate or foreign commerce, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, robbery affecting interstate or foreign commerce was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of robbery affecting interstate or foreign commerce; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit robbery affecting interstate or foreign commerce.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

31

INSTRUCTION ___

The defendant is charged in Count Two of the indictment with robbery affecting interstate or foreign commerce in violation of Sections 1951 and 2 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant aided and abetted in the taking of property from CityTrust bank or that a co-conspirator took property from CityTrust bank;

Second, such taking was accomplished by the use of force or violence; and

Third, commerce between the CNMI and another state, territory or country was affected in some way.

1                              INSTRUCTION ___

2         For a person to commit robbery in violation of 18 U.S.C. § 1951 the person

3    must act knowingly and willfully.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1                                    INSTRUCTION ___

2          Wilfulness requires that an act be done knowingly and intentionally, not

3     through ignorance, mistake or accident.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION___

A defendant may be found guilty of discharge of a firearm during and relation to a crime of violence, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, discharge of a firearm during and relation to a crime of violence was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of discharge of a firearm during and relation to a crime of violence; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit discharge of a firearm during and relation to a crime of violence.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION ____

The defendant is charged in Count Three of the indictment with aiding and abetting the discharge of a firearm during and in relation to a crime of violence in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant aided and abetted the commission of, or that a co-conspirator committed, the crime of robbery interfering in interstate or foreign commerce as charged in Count Two of the indictment. I instruct you that robbery interfering in interstate or foreign commerce is a crime of violence;

Second, the defendant aided and abetted the knowing discharge of a firearm, or a co-conspirator knowingly discharged a firearm; and

Third, the discharge of the firearm occurred during and in relation to the crime. A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

1

INSTRUCTION ___

2       Now, I want to say a word about the dates that have been mentioned in the

3   indictment.

4       The indictment charges that the crimes occurred on approximately a certain

5   date. The Government does not have to prove that the crimes happened on that exact

6   date. But the Government must prove that the crimes occurred reasonably close to

7   that date.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

INSTRUCTION ____

2    When you begin your deliberations, you should elect one member of the jury as
3    your foreperson. That person will preside over the deliberations and speak for you
4    here in court.

5    You will then discuss the case with your fellow jurors to reach agreement if
6    you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

7    Each of you must decide the case for yourself, but you should do so only after
8    you have considered all the evidence, discussed it fully with the other jurors, and
9    listened to the views of your fellow jurors.

10    Do not be afraid to change your opinion if the discussion persuades you that
11    you should. But do not come to a decision simply because other jurors think it is
       right.

12    It is important that you attempt to reach a unanimous verdict but, of course,
13    only if each of you can do so after having made your own conscientious decision.  Do
14    not change an honest belief about the weight and effect of the evidence simply to
15    reach a verdict.

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ____

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

1

INSTRUCTION ____

2      Some of you have taken notes during the trial.  Whether or not you took notes,

3  you should rely on your own memory of what was said.  Notes are only to assist your

4  memory.  You should not be overly influenced by the notes.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION ___

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

INSTRUCTION ____

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

INSTRUCTION ___

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.